IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUMAH ALI, aka
THOMAS MOORE,

    Plaintiff,                      No. CIV S-04-0314 MCE DAD P

    vs.

RICK RIMMER, et al.,

    Defendants.             FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  On July 15, 2004, the court dismissed plaintiff's complaint and granted him leave to file an amended complaint.[1]  Plaintiff's amended complaint fails to comply with the court's July 15 order and fails to state a cognizable claim as to defendants Rimmer and Grannis.

        In the amended complaint plaintiff claims violation of the First and Eighth Amendments based upon for defendants' failure to transfer him to a correctional facility where he can obtain a halal diet to accommodate his religious practices as an Orthodox Muslim.  In the

---

[1] Plaintiff was subsequently granted four extensions of time to file his amended complaint.

1

court's July 15, 2004 order, plaintiff was advised that he may file a new action in the U.S. District Court for the Northern District of California with respect to his claims against defendants Lamarque, Caden, Williams, Barrett, and Barnes.  Plaintiff was informed that with regard to these defendants who are employed at the Salinas Valley State Prison, claims arising at that facility are properly brought in the U.S. District Court for the Northern District California.[2] Nonetheless, plaintiff continues to name the Salinas Valley State Prison defendants in his amended complaint filed before this court.  In fact, plaintiff has simply reproduced several pages of the original complaint in his amended complaint.  Plaintiff was warned that his failure to comply with the court's order would result in a recommendation that this action be dismissed. Therefore, the court will recommend that claims against defendants Lamarque, Caden, Williams, Barrett, and Barnes be dismissed without prejudice so that plaintiff may proceed in a court where venue is proper.

> The court also finds that plaintiff has failed to state cognizable claims against defendant Rimmer, the acting Director of the California Department of Corrections, and defendant Grannis, the Chief of the Inmate Appeals Branch of the Department of Corrections.  In this regard, plaintiff was previously advised that because these defendants hold supervisorial positions, the causal link between them and the claimed constitutional violations must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  In his amended complaint, plaintiff alleges merely that defendants Rimmer and Grannis denied his grievance at the Director's level of appeal.  However, the exhibits attached to plaintiff's amended complaint demonstrate that neither of these defendant had any direct involvement with plaintiff's inmate appeal.  Specifically, plaintiff refers the court to his Exhibit H which is a letter, dated September

---

[2] Specifically, it is plaintiff's allegations that the Salinas Valley State Prison defendants failed to provide him a halal diet in order to accommodate his religious practices as an Orthodox Muslim and then refused to transfer him to an institution where a halal diet was available to prisoners.

23, 2003, addressed to plaintiff and signed by an official on behalf of defendant Grannis.[3] (Am. Compl., Ex. H.) The letter simply informs plaintiff that an inmate appeal must be submitted within 15 working days from the date of the decision being appealed. (Id.) This letter fails to suggest that either defendant Rimmer or defendant Grannis was involved in any decision concerning plaintiff's religious diet or his request to be transferred. Nor is plaintiff's broad allegation that defendants Rimmer and Grannis have a policy of failing to adhere to § 3054 of Title 15 of the California Code of Regulations with respect to special religious diets and related transfers sufficiently specific with respect to the causal link between those supervisorial defendants and the claimed constitutional violation. Therefore, plaintiff's claim that defendants Rimmer and Grannis implemented a policy which interferes with plaintiff's exercise of his religion, should be dismissed as well.

      Accordingly, IT IS HEREBY RECOMMENDED that:

      1. Plaintiff's amended complaint, filed on December 13, 2004, be dismissed;

      2. Claims concerning defendants Rimmer and Grannis be dismissed with prejudice for failure to state a claim;

      3. Claims concerning the remaining defendants be dismissed without prejudice in order to allow plaintiff to pursue those claims in a court where venue is proper if he so desires; and

      4. This action be dismissed.

DATED: October 12, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
moor314.f&r

---

[3] The official's handwriting is not fully legible.