1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JUMAH ALI, aka
      THOMAS MOORE,
11
                  Plaintiff,              No. CIV S-04-0314 MCE DAD P
12
            vs.
13
      RICK RIMMER, et al.,                AMENDED
14
                  Defendants.             FINDINGS AND RECOMMENDATIONS[1]
15
      _____/
16

17            Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

18    rights action pursuant to 42 U.S.C. § 1983.  On July 15, 2004, the court dismissed plaintiff's

19    complaint and granted him leave to file an amended complaint.[2]  Plaintiff's amended complaint

20    fails to comply with the court's July 15 order and fails to state a cognizable claim as to

21    defendants Rimmer and Grannis.

22    _____

23          [1]  In near-identical findings and recommendations issued October 12, 2005, the court
      inadvertently failed to set out the time period for the filing of any objections.  Accordingly, these
24    amended findings and recommendations are issued solely in order to provide plaintiff with the
      deadline for the filing of any objections he may have to the findings and recommendations.
25
            [2]  Plaintiff was subsequently granted four extensions of time to file his amended
26    complaint.

                                          1

1    In the amended complaint plaintiff claims violation of the First and Eighth

2  Amendments based upon for defendants' failure to transfer him to a correctional facility where

3  he can obtain a halal diet to accommodate his religious practices as an Orthodox Muslim.  In the

4  court's July 15, 2004 order, plaintiff was advised that he may file a new action in the U.S.

5  District Court for the Northern District of California with respect to his claims against defendants

6  Lamarque, Caden, Williams, Barrett, and Barnes.  Plaintiff was informed that with regard to

7  these defendants who are employed at the Salinas Valley State Prison, claims arising at that

8  facility are properly brought in the U.S. District Court for the Northern District California.[3]

9  Nonetheless, plaintiff continues to name the Salinas Valley State Prison defendants in his

10  amended complaint filed before this court.  In fact, plaintiff has simply reproduced several pages

11  of the original complaint in his amended complaint.  Plaintiff was warned that his failure to

12  comply with the court's order would result in a recommendation that this action be dismissed.

13  Therefore, the court will recommend that claims against defendants Lamarque, Caden, Williams,

14  Barrett, and Barnes be dismissed without prejudice so that plaintiff may proceed in a court where

15  venue is proper.

16    The court also finds that plaintiff has failed to state cognizable claims against

17  defendant Rimmer, the acting Director of the California Department of Corrections, and

18  defendant Grannis, the Chief of the Inmate Appeals Branch of the Department of Corrections.  In

19  this regard, plaintiff was previously advised that because these defendants hold supervisorial

20  positions, the causal link between them and the claimed constitutional violations must be

21  specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld,

22  589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  In his amended complaint,

23  plaintiff alleges merely that defendants Rimmer and Grannis denied his grievance at the

24  _____

25    [3] Specifically, it is plaintiff's allegations that the Salinas Valley State Prison defendants
   failed to provide him a halal diet in order to accommodate his religious practices as an Orthodox
   Muslim and then refused to transfer him to an institution where a halal diet was available to

26  prisoners.

1   Director's level of appeal.  However, the exhibits attached to plaintiff's amended complaint

2   demonstrate that neither of these defendant had any direct involvement with plaintiff's inmate

3   appeal.  Specifically, plaintiff refers the court to his Exhibit H which is a letter, dated September

4   23, 2003, addressed to plaintiff and signed by an official on behalf of defendant Grannis.[4]  (Am.

5   Compl., Ex. H.)  The letter simply informs plaintiff that an inmate appeal must be submitted

6   within 15 working days from the date of the decision being appealed.  (Id.)  This letter fails to

7   suggest that either defendant Rimmer or defendant Grannis was involved in any decision

8   concerning plaintiff's religious diet or his request to be transferred.  Nor is plaintiff's broad

9   allegation that defendants Rimmer and Grannis have a policy of failing to adhere to § 3054 of

10  Title 15 of the California Code of Regulations with respect to special religious diets and related

11  transfers sufficiently specific with respect to the causal link between those supervisorial

12  defendants and the claimed constitutional violation.  Therefore, plaintiff's claim that defendants

13  Rimmer and Grannis implemented a policy which interferes with plaintiff's exercise of his

14  religion, should be dismissed as well.

15            Accordingly, IT IS HEREBY RECOMMENDED that:

16            1.  Plaintiff's amended complaint, filed on December 13, 2004, be dismissed;

17            2.  Claims concerning defendants Rimmer and Grannis be dismissed with

18  prejudice for failure to state a claim;

19            3.  Claims concerning the remaining defendants be dismissed without prejudice in

20  order to allow plaintiff to pursue those claims in a court where venue is proper if he so desires;

21  and

22            4.  This action be dismissed.

23            These findings and recommendations are submitted to the United States District

24  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

25  _____

26       [4]  The official's handwriting is not fully legible.

days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 19, 2005.

Dale A. Drozd
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
moor314.f&r2